**ZENG QING CHANG, a/k/a Chang Qing Zheng, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 90–3959.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 13, 2010.

Opinion filed: Oct. 14, 2010.

Zhiyuan Qian, Esq., Law Offices of Gerald Karikari, New York, NY, for Petitioner.

Paul Fiorino, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Glen T. Jaeger, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: McKEE, Chief Judge, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Zeng Qing Chang ("Zheng") petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We will deny the petition for review.

## I.

Zheng, a native and citizen of the People's Republic of China, entered the United States in August 2004 without proper entry documents. She was interviewed at the airport and claimed that she feared returning to China because she had a son and authorities would require her to have an intrauterine device implanted against her will. Zheng was detained. About two weeks later, she had a credible fear interview in which she maintained her claim that she feared returning to China due to its family planning policy. Zheng then applied for asylum, withholding of removal, and CAT protection. In her application,

she apologized for previously lying about her reason for fleeing China and stated that the real reason she came to the United States is that she is a lesbian who had suffered discrimination and abuse in China.

The IJ denied relief. He found Zheng's testimony not credible because she lied about her reason for fleeing China in her airport and credible fear interviews. In particular, the IJ concluded that Zheng did not establish that she is a lesbian and he rejected her corroborating evidence. In the alternative, the IJ concluded that the treatment Zheng suffered in China did not rise to the level of persecution and that she did not demonstrate a well-founded fear of future persecution. The BIA dismissed the appeal, agreeing with the findings and conclusions of the IJ. Zheng then filed a timely petition for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review final orders of removal. In this case, the BIA affirmed the decision of the IJ and discussed some of the bases for the IJ's decision, so we therefore review the decisions of both the IJ and BIA. *See Chen v. Ashcroft,* 376 F.3d 215, 222 (3d Cir.2004). In doing so, we review factual findings for substantial evidence and may not disturb them " 'unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Sandie v. Att'y Gen.,* 562 F.3d 246, 251 (3d Cir.2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). We exercise plenary review over questions of law, subject to the established principles of deference accorded agency decision-making. *See Sioe Tjen Wong v. Att'y Gen.,* 539 F.3d 225, 231 (3d Cir.2008).

Under the Immigration and Nationality Act ("INA"), an applicant may demonstrate eligibility for asylum by

showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Zheng claims that she is eligible for asylum because she is a lesbian who has suffered persecution on that basis. The IJ found that she had not "established to the satisfaction of the Court that she is, in reality, a lesbian," and the BIA affirmed. Administrative Record ("AR") at 72, 3. Zheng argues that the IJ erred by making this finding. Although one might question the IJ's adverse credibility determination,[1] we need not decide the issue because there is substantial evidence in support of the alternative holding that Zheng did not demonstrate that she had been persecuted for being a lesbian.

Zheng testified that she and her girlfriend were once picked up by local village officials and dragged by their hair to a "local office," detained for the night, and "yelled at." AR at 132. In her brief, she describes this as being "detained and humiliated." Pet. Br. at 14. The IJ and the BIA correctly concluded that this isolated incident of harassment does not rise to the level of persecution, which is defined as including "threats to life, confinement, torture, [or] economic restrictions so severe that they constitute a real threat to life or freedom." *Lukwago v. Ashcroft*, 329 F.3d 157, 168 (3d Cir.2003); *see also Chen v. Ashcroft*, 381 F.3d 221, 234–35 (3d Cir.

2004) (isolated incidents that do not result in serious injury do not rise to the level of persecution).

Zheng also challenges the BIA's determination that she did not establish a well-founded fear of future persecution. Zheng relied on an article outlining why homosexuality is not legal in China, but it provides no evidence of a pattern or practice of persecution of homosexuals. *See Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir.2005) (explaining that a petitioner seeking asylum due to pattern or practice of persecution must establish "systemic, pervasive, or organized" harm "committed by the government or forces the government is either unable or unwilling to control"). Zheng also argues that she established a well-founded fear of future persecution because the Government has not rebutted the presumption afforded her. Pet. Brief at 14. She does not receive the benefit of that presumption, however, because she did not demonstrate past persecution. *See* 8 C.F.R. § 1208.13(b)(1).

Finally, Zheng's inability to establish her eligibility for asylum necessarily undermines her eligibility for withholding of removal. *Sioe Tjen Wong*, 539 F.3d at 236–37. And, as the foregoing discussion indicates, Zheng has not presented sufficient evidence to support a conclusion that she would more likely than not be subjected to torture if returned to China.

---

1. The IJ based his adverse credibility finding on the fact that Zheng lied about her reason for fleeing China in her airport and credible fear interviews, which generally would be a sufficient basis for an adverse credibility determination. *See Chen v. Ashcroft*, 376 F.3d 215, 223–24 (3d Cir.2004). The IJ also found it "extremely important" that Zheng did not provide a letter from her ex-husband in China corroborating her claim that she is a lesbian. AR at 70. Zheng contends that the IJ erred by not considering her explanations for lying (i.e., she was coerced to lie by the snakehead and feared how she would be treated if she admitted she is a lesbian) and for not seeking corroboration from her ex-husband (i.e., she did not want to bother him after making him suffer years in a sham marriage). Zheng also argues that the IJ erred by discounting the corroborative evidence she did provide, specifically a letter from the pastor of a church serving the gay and lesbian community in New York City stating that she is a member and photos showing her participating in a gay rights parade.

Accordingly, we will deny the petition for review.